UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

------------------------------------------------------x

ARTHUR COLEMAN,

                Petitioner,

**ORDER**
09-CV-5689 (KAM)

-against-

JOE ARPAIO, SHERIFF; ANDREW CUOMO;
AND THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                Respondents.

------------------------------------------------------x

MATSUMOTO, United States District Judge:

        On December 18, 2009, petitioner Arthur Coleman, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1976 Kings County conviction. The Court grants petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, petitioner is directed to submit an affirmation, within 60 days of this order, detailing whether he is "in custody" for the purposes of filing the instant § 2254 petition, and if so, why the petition should not be dismissed as time-barred.

## DISCUSSION

### In Custody Requirement

        Petitioner alleges that in 1976 he pled guilty to one count of rape, and he received a term of imprisonment of three years. (Petition at 2, 6.) Petitioner further alleges that his trial counsel was ineffective because the attorney failed to inform petitioner that he would be required to register as a sex offender. (Petition at 7.)

        The federal habeas statute gives the Court jurisdiction to review petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). Here, it appears that petitioner has already completed his sentence for the conviction he challenges here, and therefore he is no longer "in custody" and thus, the Court lacks jurisdiction over this matter.[1] Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394 (2001); Maleng v. Cook, 490 U.S. 488, 491-92 (1989).

AEDPA

Moreover, even if petitioner repleads and satisfies the "in custody" requirement, the petition may be time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides that a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. See Lindh v. Murphy, 521 U.S. 320, 327 (1997) (§ 2244 applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254).

Petitioner alleges that he pled guilty on January 9, 1976. Under New York law, petitioner had thirty (30) days from the date of his conviction to file a notice of appeal to the appropriate appellate court. See N.Y. Crim. Proc. Law § 460.10(1)(a). Therefore, the judgment of conviction became final on or about February 8, 1976, when the time for filing a notice of appeal to the Appellate Division expired. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). Since petitioner's judgment of conviction became final prior to the AEDPA, petitioner had one year

---

[1] Petitioner is currently incarcerated at the Fourth Avenue Jail in Phoenix, Arizona pursuant to a December 18, 2009, conviction in Maricopa County Superior Court in Arizona. (Petition at 10, ¶ 15.)

2

from the effective date of the Act or until April 24, 1997, in which to file his petition in federal court. Carey v. Saffold, 536 U.S. 214, 217-18 (2002). Since the instant petition was filed with this Court twelve and one-half years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

## TOLLING

Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Here, petitioner states that he pled guilty and did not appeal or file any post-conviction motions. Accordingly, petitioner fails to set forth a basis for statutory tolling.

Equitable Tolling

The Court of Appeals for the Second Circuit has held that equitable tolling should be applied only in " 'rare and exceptional circumstances.' " Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). To qualify for equitable tolling, a petitioner "must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.' " Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith, 208 F.3d at 17). Equitable tolling

"requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining).

Although petitioner does not argue for equitable tolling in his petition, he does state that he "had mental problems" which prevented him from filing an appeal. (Petition at 8, ¶ d.) To the extent that petitioner seeks to assert his mental illness as a basis to equitably toll this petition he is informed of the following: A petitioner's mental illness may be sufficient for equitable tolling of the statute of limitations, but only if it rendered the petitioner unable to pursue his legal rights during the relevant time period. See Victorial v. Burge, 477 F.Supp.2d 652, 655 (S.D.N.Y. 2007) (petitioner must demonstrate some form of incapacitation due to mental illness that affected his ability to act with due diligence during the time period he seeks to toll). The mere existence of a mental illness is insufficient to toll the statute of limitations. See Cox v. Edwards, No. 02 Civ. 7067, 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003); Jean-Louis v. Greiner, No. 02 Civ. 6326, 2003 WL 1807144, at *3 (S.D.N.Y. Apr. 4, 2003). "For a mental impairment to justify equitable tolling ... the party invoking the doctrine must show that 'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.' " United States v. Williams, No. 05 Civ. 8165, 98 CR. 608, 2006

WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Simpson v. Greene, N0. 03 Civ. 6323, 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003)).

## CONCLUSION

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, whether he is in custody pursuant to the 1976 Kings County conviction and, if so, why the statute of limitations should not bar the instant petition.[2] Day v. McDonough, 547 U.S. 198, 210 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000)) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions).

Petitioner's affirmation should include any facts which would support equitable tolling of the statute of limitations. In addition, petitioner is informed that it is not sufficient to allege that he suffers from a mental illness, he must connect his mental illness to the time period he wishes to toll. In other words, he must demonstrate a causal relationship between his mental illness and the lateness of his filing.

No response shall be required at this time and all further proceedings shall be stayed for 60 days for petitioner to comply with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed for lack of jurisdiction as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
January 7, 2010

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ARTHUR COLEMAN,

                                                  **PETITIONER'S AFFIRMATION**

            Petitioner,                         09-CV-5689 (KAM)

      -against-

JOE ARPAIO, SHERIFF; ANDREW CUOMO;
AND THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                    Respondents.
-----------------------------------------------------------x
STATE OF _____ }
COUNTY OF _____ } SS:

       ARTHUR COLEMAN makes the following affirmation under the penalties of perjury:

       I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____.

**Please answer the following questions.**

(1) I have completed serving my sentence for the conviction that I am challenging in the instant petition (**answer yes or no**) _____.

(1a) If yes, on what date did you complete your sentence?_____.

(2) The instant petition should not be time-barred by the one-year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & ZIP