DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ARTHUR COLEMAN,

           Petitioner,

-against-

JOE ARPAIO, SHERIFF; ANDREW CUOMO;
AND THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

           Respondents.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**ORDER**
09-CV-5689 (KAM)

MATSUMOTO, United States District Judge:

    On December 18, 2009, petitioner Arthur Coleman, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1976 Kings County conviction. By order dated January 7, 2010, petitioner was directed to show cause by affirmation, within sixty days, detailing whether he is "in custody" for the purpose of filing the instant § 2254 petition, and if so, why the petition should not be dismissed as time-barred. On January 19, 2010, petitioner filed an amended petition with this Court. It was unclear whether this petition was meant to be responsive to the Court's prior order. Accordingly, by order dated February 22, 2010, the court informed petitioner that he had until March 7, 2010, to respond to the order to show cause.

    Petitioner's affirmation, received on March 4, 2010, fails to demonstrate that petitioner is in custody for the purpose of filing the instant § 2254 petition. Furthermore, even if petitioner was in custody, the instant petition is not timely and petitioner's arguments are insufficient to warrant equitable or statutory tolling. Therefore, for the reasons discussed below, the petition is dismissed.

## DISCUSSION

### In Custody Requirement

As a threshold matter, this Court must first consider whether the jurisdictional requirements for the instant petition have been met. The federal habeas corpus statute gives the United States district courts jurisdiction to consider petitions for habeas relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490-91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001).

Here, petitioner challenges the validity of his 1976 state court conviction. Petitioner's affirmation states that on June 5, 1978, he completed serving his sentence for the conviction that he is challenging in the instant petition. Affirmation at 1, ¶¶ 1, 1 (a). As such, it is clear that petitioner was not in custody pursuant to his 1976 conviction when he signed and filed the instant petition challenging his 1976 conviction. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994). Accordingly, this Court lacks jurisdiction over the instant habeas corpus petition.

### AEDPA

Moreover, even if petitioner was able to satisfy the "in custody" standing requirement of Section 2254, the petition is clearly time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides that a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. See Lindh v. Murphy, 521 U.S. 320, 327

(1997) (§ 2244 applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254).

Petitioner alleges that he pled guilty on January 9, 1976. Under New York law, petitioner had thirty (30) days from the date of his conviction to file a notice of appeal to the appropriate appellate court. See N.Y. Crim. Proc. Law § 460.10(1)(a). Therefore, the judgment of conviction became final on or about February 8, 1976, when the time for filing a notice of appeal to the Appellate Division expired. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). Since petitioner's judgment of conviction became final prior to the AEDPA, petitioner had a one year grace period from the effective date of the Act or until April 24, 1997, in which to file his petition in federal court. Carey v. Saffold, 536 U.S. 214, 217-18 (2002). Here, the instant petition was filed with this Court twelve and one-half years after the grace period expired, and it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

**Tolling**

Petitioner fails to set forth a basis for statutory tolling as he states that he pled guilty and did not appeal or file any post-conviction motions. The Court of Appeals for the Second Circuit has held that equitable tolling should be applied only in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). To qualify for equitable tolling, a petitioner "must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith v. McGinnis, 208 F.3d 13, 17). Equitable tolling "requires the petitioner to demonstrate a causal relationship between

3

the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining).

Although unclear, petitioner states that "between 08 August 1975 and 09 January 1976 [he was disconbobulated [sic]," and that Rikers Island had him under a mental health watch for a period of seven months. Affirmation at 10. Petitioner further states at that time he was on psychiatric medication. Id. A petitioner's mental illness may be sufficient for equitable tolling of the statute of limitations, but only if it rendered the petitioner unable to pursue his legal rights during the relevant time period. See Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (petitioner must demonstrate some form of incapacitation due to mental illness that affected his ability to act with due diligence during the time period he seeks to toll). The mere existence of a mental illness is insufficient to toll the statute of limitations. See Cox v. Edwards, No. 02 Civ. 7067, 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003); Jean-Louis v. Greiner, No. 02 Civ. 6326, 2003 WL 1807144, at *3 (S.D.N.Y. Apr. 4, 2003). "For a mental impairment to justify equitable tolling ... the party invoking the doctrine must show that 'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.'" United States v. Williams, No. 05 Civ. 8165, 98 CR. 608, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Simpson v. Greene, No. 03 Civ. 6323, 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003)).

Here, petitioner's unsubstantiated claims of mental illness along with petitioner's failure

to allege any facts which show that his alleged mental illness affected his ability to act with due diligence during the twelve and one-half year time period he seeks to toll, fails to provide a basis for equitable tolling. Thus, petitioner fails to demonstrate any extraordinary circumstances which would warrant the Court's equitable tolling of the AEDPA's limitations period.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed because petitioner is not in custody pursuant to the 1976 conviction he challenges herein. In the alternative, the petition is also dismissed as time-barred under 28 U.S.C. § 2244(d)(1). A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. Of Parole, 209 F.3d 107,, 111-12 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011, 1013 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken

in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is kindly requested to serve a copy of this Order on plaintiff, enter judgment, and close this case.

SO ORDERED.

/Signed by Judge Matsumoto/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
March 16, 2010